# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**FLORIDA EDUCATION ASSOCIATION, JENNY CISNEROS, DOROTHY THOMAS-DUNSON, ANGELA FERREIRA, SHANNEL GORDON, JOY JACKSON, KEYSHA PINKNEY, and DJUNA ROBINSON, individually and on behalf of all others similarly situated,**

        **Plaintiffs,**

**v.**                                    **Case No:_____**
                                          **Class Representation**

**STATE OF FLORIDA, DEPARTMENT OF EDUCATION, SCHOOL BOARD OF ALACHUA COUNTY, FLORIDA, SCHOOL BOARD OF BAKER COUNTY, FLORIDA, SCHOOL BOARD OF BAY COUNTY, FLORIDA, SCHOOL BOARD OF BRADFORD COUNTY, FLORIDA, SCHOOL BOARD OF BREVARD COUNTY, FLORIDA, SCHOOL BOARD OF BROWARD COUNTY, FLORIDA, SCHOOL BOARD OF CALHOUN COUNTY, FLORIDA, SCHOOL BOARD OF CHARLOTTE COUNTY, FLORIDA SCHOOL BOARD OF CITRUS COUNTY, FLORIDA, SCHOOL BOARD OF CLAY COUNTY, FLORIDA, SCHOOL BOARD OF COLLIER COUNTY, FLORIDA, SCHOOL BOARD OF COLUMBIA COUNTY, FLORIDA, SCHOOL BOARD OF DADE COUNTY, FLORIDA, SCHOOL BOARD OF**

**DESOTO COUNTY, FLORIDA,
SCHOOL BOARD OF DIXIE COUNTY,
FLORIDA, SCHOOL BOARD OF
DUVAL COUNTY, FLORIDA,
SCHOOL BOARD OF ESCAMBIA
COUNTY, FLORIDA, SCHOOL BOARD OF
FLAGLER COUNTY, FLORIDA, SCHOOL
BOARD OF FRANKLIN COUNTY,
FLORIDA, SCHOOL BOARD
OF GADSDEN COUNTY, FLORIDA
SCHOOL BOARD OF GILCHRIST
COUNTY, FLORIDA, SCHOOL BOARD
OF GLADES COUNTY, FLORIDA,
SCHOOL BOARD OF GULF COUNTY,
FLORIDA, SCHOOL BOARD OF
HAMILTON COUNTY, FLORIDA,
SCHOOL BOARD OF HARDEE COUNTY,
FLORIDA, SCHOOL BOARD OF
HENDRY COUNTY, FLORIDA,
SCHOOL BOARD OF HERNANDO
COUNTY, FLORIDA, SCHOOL BOARD
OF HIGHLANDS COUNTY, FLORIDA,
SCHOOL BOARD OF HILLSBOROUGH
COUNTY, FLORIDA, SCHOOL BOARD
OF HOLMES COUNTY, FLORIDA,
SCHOOL BOARD OF INDIAN RIVER
COUNTY, FLORIDA, SCHOOL BOARD
OF JACKSON COUNTY, FLORIDA,
SCHOOL BOARD OF JEFFERSON
COUNTY, FLORIDA, SCHOOL BOARD
OF LAFAYETTE COUNTY, FLORIDA,
SCHOOL BOARD OF LAKE COUNTY,
FLORIDA, SCHOOL BOARD OF
LEE COUNTY, FLORIDA, SCHOOL
BOARD OF LEON COUNTY, FLORIDA,
SCHOOL BOARD OF LEVY COUNTY,
FLORIDA, SCHOOL BOARD OF
LIBERTY COUNTY, FLORIDA,
SCHOOL BOARD OF MADISON
COUNTY, FLORIDA, SCHOOL BOARD**

2

OF MANATEE COUNTY, FLORIDA,
SCHOOL BOARD OF MARION COUNTY,
FLORIDA, SCHOOL BOARD OF
MARTIN COUNTY, FLORIDA, SCHOOL
BOARD OF MONROE COUNTY, FLORIDA,
SCHOOL BOARD OF NASSAU COUNTY,
FLORIDA, SCHOOL BOARD OF
OKALOOSA COUNTY, FLORIDA,
SCHOOL BOARD OF OKEECHOBEE
COUNTY, FLORIDA, SCHOOL BOARD
OF ORANGE COUNTY, FLORIDA,
SCHOOL BOARD OF OSCEOLA COUNTY,
FLORIDA, SCHOOL BOARD OF PALM
BEACH COUNTY, FLORIDA, SCHOOL
BOARD OF PASCO COUNTY, FLORIDA,
SCHOOL BOARD OF PINELLAS
COUNTY, FLORIDA, SCHOOL BOARD
OF POLK COUNTY, FLORIDA,
SCHOOL BOARD OF PUTNAM COUNTY,
FLORIDA, SCHOOL BOARD OF
SANTA ROSA COUNTY, FLORIDA,
SCHOOL BOARD OF SARASOTA
COUNTY, FLORIDA, SCHOOL BOARD
OF SEMINOLE COUNTY, FLORIDA,
SCHOOL BOARD OF ST. JOHNS
COUNTY, FLORIDA, SCHOOL BOARD
OF ST. LUCIE COUNTY, FLORIDA,
SCHOOL BOARD OF SUMTER COUNTY,
FLORIDA, SCHOOL BOARD OF
SUWANNEE COUNTY, FLORIDA,
SCHOOL BOARD OF TAYLOR COUNTY,
FLORIDA, SCHOOL BOARD OF
UNION COUNTY, FLORIDA, SCHOOL
BOARD OF VOLUSIA COUNTY, FLORIDA,
SCHOOL BOARD OF WAKULLA
COUNTY, FLORIDA, SCHOOL BOARD
OF WALTON COUNTY, FLORIDA,
SCHOOL BOARD OF WASHINGTON
COUNTY, FLORIDA, BOARD OF TRUSTEES
FOR THE FLORIDA SCHOOL FOR

**THE DEAF AND BLIND, THE BOARD OF TRUSTEES FOR THE FLORIDA VIRTUAL SCHOOL, THE BOARD OF TRUSTEE OF FLORIDA A&M UNIVERSITY, THE BOARD OF TRUSTEES OF FLORIDA ATLANTIC UNIVERSITY, THE BOARD OF TRUSTEES OF FLORIDA STATE UNIVERSITY and THE BOARD OF TRUSTEES OF THE UNIVERSITY OF FLORIDA,**

        **Defendants.**

_____/

## COMPLAINT

Plaintiffs, the Florida Education Association ("FEA"), Jenny Cisneros, Dorothy Dunson, Angela Ferreira, Shannel Gordon, Joy Jackson, Keysha Pinkney, Djuna Robinson, individually and on behalf of all others similarly situated, sue Defendants and allege:

### Nature of the Action

1.    This is an action for damages, and equitable, injunctive and declaratory relief brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, based on age and black and Hispanic race discrimination.

2.    In July 2015, Florida Governor Ric Scott, signed into law the Best and Brightest Teacher Scholarship Program (the "Program").  The

4

Program provides monetary bonuses to teachers who have been rated "highly effective" under Florida's statutory rating system and have scored in the 80th or higher percentile on the SAT or ACT college entrance exams. Newly hired "first year" teachers who have not been evaluated are exempted from the requirement of having been rated "highly effective." The SAT/ACT score requirement has an illegal disparate impact on teachers based on their age and on teachers based on their black and Hispanic race.  The SAT/ACT score requirement is not required by business necessity and is not related to job performance.

## Jurisdiction and Venue

3.    This Court has jurisdiction of this case under 28 U.S.C. 1331, 1334 and 1367 and 42 U.S.C. 2000e-5.

## Conditions Precedent

4.    Plaintiffs have satisfied all conditions precedent to this action

## Parties

5.    The Plaintiff Florida Education Association ("FEA") through its affiliates in all 67 Florida counties represents more than 250,000 teachers and education staff professional in Florida's 67 school districts, and has over 140,000 members in the State through its local affiliates. For over a century, the FEA has been the leading advocate of raising the quality of

education in Florida's public schools, and of increasing the dignity and status of all teachers and education staff professionals. Founded in 1886, the FEA recognizes the value of a standardized, statewide public education system, one that guarantees every citizen the opportunity to learn and to achieve his or her highest potential, and one that fulfills the promise of a quality education for all students. The FEA has affiliates in all 67 Florida counties and is the recognized bargaining agent for teachers in the public schools in 65 of the 67 school districts in the State of Florida.  As the bargaining agent, through its affiliates, the FEA negotiates with the School District to determine the terms and conditions of employment for all teachers.  Including the individual Plaintiff representatives, the FEA represents thousands of classroom teachers in all school districts, and in the various special schools and laboratory schools in the State of Florida, who are over 40 years of age, who are black and/or Hispanic, who have been rated highly effected, who were not first year teachers within the meaning of the Program, and who applied for the bonus under the Program and were denied and did not receive the bonus because they could not satisfy the SAT/ACT requirement, or who would have applied for but were deterred from applying because it would have been a futile act because

they could not satisfy the SAT/ACT requirement of the Program, and thus were denied a bonus under the Program.

6.    Plaintiff Jenny Cisneros is Hispanic and over 40 years of age. She is a classroom teacher in Dade County, Florida, is not a first year teacher within the meaning of the Program, is a member of the FEA, has been rated "highly effective" as of October 1, 2015, within the meaning of § 1012.34, Florida Statutes, and has been employed, within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, by the Defendant Florida Department of Education and the Defendant School Board of Dade County, Florida. Plaintiff Cisneros would have applied for the bonus under the program in 2015, but she was deterred from applying because it would have been a futile act because she did not have an SAT/ACT score that met the requirements of the Program, and thus she was denied a bonus under the Program.

7.    Plaintiff Dorothy Dunson-Thomas is a black and over 40 years of age.  She is a classroom teacher, is not a first year teacher within the meaning of the Program, is a member of the FEA, has been rated "highly effective" as of October 1, 2015, within the meaning of § 1012.34, Florida Statutes, and has been employed, within the meaning of Title VII, 42

7

U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, by the Defendant Florida Department of Education and the Defendant School Board of Palm Beach County, Florida. Plaintiff Dunson-Thomas timely applied for the bonus under the Program in 2015, but she was denied and did not receive the bonus because she did not have an SAT/ACT score that met the requirements of the Program.

8.    Plaintiff Angela Ferreira is Hispanic and over 40 years of age. She is a classroom teacher, is not a first year teacher within the meaning of the Program, is a member of the FEA, has been rated "highly effective" as of October 1, 2015, within the meaning of § 1012.34, Florida Statutes, and has been employed, within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, by the Defendant Florida Department of Education and the Defendant School Board of Dade County, Florida.  Plaintiff Ferreira would have applied for the bonus under the program in 2015, but she was deterred from applying because it would have been a futile act because she did not have an SAT/ACT score that met the requirements of the Program, and thus she was denied and did not receive the bonus under the Program.

9.     Plaintiff Shannel Gordon is a black.  She is a classroom teacher, a member of the FEA, has been rated "highly effective" as of October 1, 2015, within the meaning of § 1012.34, Florida Statutes, and has been employed, within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, by the Defendant Florida Department of Education and the Defendant School Board of Palm Beach County, Florida. Plaintiff Gordon timely applied for the bonus under the Program in 2015, but she was denied and did not receive the bonus because she did not have an SAT/ACT score that met the requirements of the Program.  Plaintiff Gordon has been ranked and designated by Defendant DOE in the upper 10% of teachers in the State of Florida for having a "high impact" on students.

10.     Plaintiff Joy Jackson is a black.  She is a classroom teacher, a member of the FEA, has been rated "highly effective" as of October 1, 2015, within the meaning of § 1012.34, Florida Statutes, and has been employed, within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, by the Defendant Florida Department of Education and the Defendant School Board of Broward County, Florida. Plaintiff Jackson would have applied for the bonus under the program in 2015, but she was deterred from applying

because it would have been a futile act because she did not have an

SAT/ACT score that met the requirements of the Program, and thus she

was denied and did not receive the bonus under the Program.

11.    Plaintiff Keysha Pinkney is a black and over 40 years of age.

She is a classroom teacher, is not a first year teacher within the meaning of

the Program, a member of the FEA, has been rated "highly effective" as of

October 1, 2015, within the meaning of § 1012.34, Florida Statutes, and

has been employed, within the meaning of Title VII, 42 U.S.C. 2000e *et*

*seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida

Statutes, by the Defendant Florida Department of Education and the

Defendant School Board of Broward County, Florida. Plaintiff Pinkney

timely applied for the bonus under the Program in 2015, but she was

denied and did not receive the bonus because she did not have an

SAT/ACT score that met the requirements of the Program.  In 2017,

Plaintiff Pinkney was ranked and designated by Defendant DOE as a "High

Impact Teacher" based on the DOE's analysis of her students' performance

in the 2013-14, 2014-15 and 2015-16 school years.

12.    Plaintiff Djuna Robinson is a black and over 40 years of age.

She is a classroom teacher, is not a "first year" teacher within the meaning

of the Program, is a member of the FEA, has been rated "highly effective"

as of October 1, 2015, within the meaning of § 1012.34, Florida Statutes,

and has been employed, within the meaning of Title VII, 42 U.S.C. 2000e *et*

*seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida

Statutes, by the Defendant Florida Department of Education and the

Defendant School Board of Broward County, Florida. Plaintiff Robinson

would have applied for the bonus under the program in 2015, but was

deterred from applying because it would have been a futile act because

she did not have an SAT/ACT score that met the requirements of the

Program, and thus she was denied and did not receive the bonus under the

Program.

13.    Defendant Department of Education, State of Florida ("DOE") is

an agency of the State of Florida with its principal offices located in

Tallahassee, Florida, is an employer within the meaning of Title VII, 42

U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter

760, Florida Statutes, and is subject to the jurisdiction of this Court.

14.    Defendant School Board of Alachua County, Florida, is the

governing body of the Alachua county school district, is an employer within

the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil

Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the

jurisdiction of this Court.

15.    Defendant School Board of Baker County, Florida, is the governing body of the Baker county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

16.    Defendant School Board of  Bay County, Florida, is the governing body of the Bay county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

17.    Defendant School Board of Bradford County, Florida, is the governing body of the Bradford county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

18.    Defendant School Board of Brevard County, Florida, is the governing body of the Brevard county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

19.    Defendant School Board of Broward County, Florida, is the governing body of the Broward county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

20.    Defendant School Board of Calhoun County, Florida, is the governing body of the Calhoun county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

21.    Defendant School Board of Charlotte County, Florida, is the governing body of the Charlotte county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

22.    Defendant School Board of Citrus County, Florida, is the governing body of the Citrus county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

23.    Defendant School Board of Clay County, Florida is the governing body of the Clay county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

24.    Defendant School Board of Collier County, Florida, is the governing body of the Collier county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

25.    Defendant School Board of Columbia County, Florida, is the governing body of the Columbia county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

26.    Defendant School Board of Dade County, Florida, is the governing body of the Dade county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

27.    Defendant School Board of Desoto County, Florida, is the governing body of the Desoto county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

28.    Defendant School Board of Dixie County, Florida, is the governing body of the Dixie county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

29.    Defendant School Board of Duval County, Florida, is the governing body of the Duval county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

30.    Defendant School Board of Escambia County, Florida, is the governing body of the Escambia county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

31.    Defendant School Board of Flagler County, Florida, is the governing body of the Flagler county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

32.    Defendant School Board of Franklin County, Florida, is the governing body of the Franklin county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

33.    Defendant School Board of Gadsden County, Florida, is the governing body of the Gadsden county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

34.    Defendant School Board of Gilchrist County, Florida, is the governing body of the Gilchrist county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

16

35.    Defendant School Board of Glades County, Florida, is the
governing body of the Glades county school district, is an employer within
the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil
Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the
jurisdiction of this Court.

36.    Defendant School Board of Gulf County, Florida, is the
governing body of the Gulf county school district, is an employer within the
meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights
Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction
of this Court.

37.    Defendant School Board of Hamilton County, Florida, is the
governing body of the Hamilton county school district, is an employer within
the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil
Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the
jurisdiction of this Court.

38.    Defendant School Board of Hardee County, Florida, is the
governing body of the Hardee county school district, is an employer within
the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil
Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the
jurisdiction of this Court.

39.    Defendant School Board of Hendry County, Florida, is the governing body of the Hendry county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

40.    Defendant School Board of Hernando County, Florida, is the governing body of the Hernando county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

41.    Defendant School Board of Highlands County, Florida, is the governing body of the Highlands county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

42.    Defendant School Board of Hillsborough County, Florida, is the governing body of the Hillsborough county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

43.    Defendant School Board of Holmes County, Florida, is the governing body of the Holmes county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

44.    Defendant School Board of Indian River County, Florida, is the governing body of the Indian River county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

45.    Defendant School Board of Jackson County, Florida, is the governing body of the Jackson county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

46.    Defendant School Board of Jefferson County, Florida, is the governing body of the Jefferson county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

47.     Defendant School Board of Lafayette County, Florida, is the governing body of the Lafayette county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

48.     Defendant School Board of Lake County, Florida, is the governing body of the Lake county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

49.     Defendant School Board of Lee County, Florida, is the governing body of the Lee county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

50.     Defendant School Board of Leon County, Florida, is the governing body of the Leon county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

51.    Defendant School Board of Levy County, Florida, is the governing body of the Levy county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

52.    Defendant School Board of Liberty County, Florida, is the governing body of the Liberty county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

53.    Defendant School Board of Madison County, Florida, is the governing body of the Madison county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

54.    Defendant School Board of Manatee County, Florida, is the governing body of the Manatee county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

55.     Defendant School Board of Marion County, Florida, is the governing body of the Marion county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

56.     Defendant School Board of Martin County, Florida, is the governing body of the Martin county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

57.     Defendant School Board of Monroe County, Florida, is the governing body of the Monroe county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

58.     Defendant School Board of Nassau County, Florida, is the governing body of the Nassau county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

59.    Defendant School Board of Okaloosa County, Florida, is the governing body of the Okaloosa county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

60.    Defendant School Board of Okeechobee County, Florida, is the governing body of the Okeechobee county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

61.    Defendant School Board of Orange County, Florida, is the governing body of the Orange county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

62.    Defendant School Board of Osceola County, Florida, is the governing body of the Osceola county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

63.    Defendant School Board of Palm Beach County, Florida, is the governing body of the Palm Beach county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

64.    Defendant School Board of Pasco County, Florida, is the governing body of the Pasco county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

65.    Defendant School Board of Pinellas County, Florida, is the governing body of the Pinellas county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

66.    Defendant School Board of Polk County, Florida, is the governing body of the Polk county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

67.    Defendant School Board of Putnam County, Florida, is the governing body of the Putnam county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

68.    Defendant School Board of Santa Rosa County, Florida, is the governing body of the Santa Rosa county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

69.    Defendant School Board of Sarasota County, Florida, is the governing body of the Sarasota county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

70.    Defendant School Board of Seminole County, Florida, is the governing body of the Seminole county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

71.    Defendant School Board of St. Johns County, Florida, is the governing body of the St. Johns county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

72.    Defendant School Board of St. Lucie County, Florida, is the governing body of the St. Lucie county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

73.    Defendant School Board of Sumter County, Florida, is the governing body of the Sumter county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

74.    Defendant School Board of Suwannee County, Florida, is the governing body of the Suwannee county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

75.    Defendant School Board of Taylor County, Florida, is the governing body of the Taylor county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

76.    Defendant School Board of Union County, Florida, is the governing body of the Union county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

77.    Defendant School Board of Volusia County, Florida, is the governing body of the Volusia county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

78.    Defendant School Board of Wakulla County, Florida, is the governing body of the Wakulla county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

79.    Defendant School Board of Walton County, Florida, is the governing body of the Walton county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

80.    Defendant School Board of Washington County, Florida, is the governing body of the Washington county school district, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.  The Defendant School Board of Washington County oversees the operation of all schools in Washington County including but not limited to the Washington Special school.

81.    Defendant Board of Trustees for the Florida School for the Deaf and Blind is the governing body of the Florida School for the Deaf and Blind, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

82.    Defendant Board of Trustees for the Florida Virtual School is the governing body of the Florida Virtual School, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights

Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

83.    Defendant Board of Trustees of Florida A&M University is the governing body of the Florida A&M University Developmental Research School, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

84.    Defendant Board of Trustees of Florida Atlantic University is the governing body of the Florida Atlantic University A.D. Henderson Elementary and Middle School and Florida Atlantic University High School, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

85.    Defendant Board of Trustees of Florida State University is the governing body of the Florida State University Schools, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

86.    Defendant Board of Trustees of the University of Florida is the governing body of the P.K. Young Developmental Research School at the

University of Florida, is an employer within the meaning of Title VII, 42 U.S.C. 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and is subject to the jurisdiction of this Court.

## Allegations of Fact

87.    On March 26, 2015, during the regular session of the Florida Legislature, Florida Representative Erik Fresen and the House Appropriations Committee filed House Bill (HB) 5011 entitled the Florida Best and Brightest Teacher Scholarship Program.  Stating that "research has linked student outcomes to a teacher's own academic achievement," the bill would create a "scholarship" program for "teachers who have achieved high academic standards during their own education."  To be eligible for the "scholarship," the teacher must have "scored at or above the 80th percentile on either the SAT or the ACT based upon the percentile ranks in effect when the teacher took the assessment and have been evaluated as highly effective pursuant to s. 1012.34."  First year teachers were exempted from the requirement of having been evaluated "highly effective."  Teachers would be required to submit to their school districts an official record of their ACT or SAT scores no later than October 1.  Eligible first year teachers would continue to be eligible so long as they achieve a highly effective rating in subsequent years of employment.  The DOE is

charged with disbursing the funds.  The bill would take effect on July 1, 2015.

88.    Fresen is quoted as saying he got the idea after reading Amanda Ripley's book "The Smartest Kids In the World." In the book, Ripley found top students wanted to become teachers in Finland, South Korea and other nations.

89.    The House Appropriations Committee, which was the only committee reference, voted in favor of the bill 22 to 6.  After passing out of committee, the House bill died on a second calendar reading.  Fresen amended his language on to HB 587, but it too died.

90.    Similar language was amended on to Senate Bill 948 by Senator Gaetz, but the Senate bill also died on the calendar.

91.    Following a chaotic and contentious regular session, the Florida House abruptly adjourned three days early because of an impasse over healthcare.  The Senate followed.  The session thus ended with many major policy bills unfinished and no budget.  The Legislature agreed to return in June 1, 2015 for a special session to pass a budget.  On Friday, June 19, the special session ended with the passage of a budget. The Best and Brightest bill language that failed in the regular session was quietly

inserted into the appropriations bill at the 11th hour without debate.  The

text Section 99A, *General Appropriations Act* (2015), reads as follows:

> **99A SPECIAL CATEGORIES**
> **GRANTS AND AIDS - THE FLORIDA BEST AND**
> **BRIGHTEST TEACHER SCHOLARSHIP PROGRAM**
> **FROM GENERAL REVENUE FUND . . . . . 44,022,483**
>
> Funds in Specific Appropriation 99A are provided to implement
> Florida's Best and Brightest Teacher Scholarship Program. The funds
> shall be used to award a maximum of 4,402 teachers with a $10,000
> scholarship based on high academic achievement on the SAT or
> ACT. To be eligible for a scholarship, a teacher must have scored at
> or above the 80th percentile on either the SAT or the ACT based
> upon the percentile ranks in effect when the teacher took the
> assessment and have been evaluated as highly effective pursuant to
> section 1012.34, Florida Statutes, or if the teacher is a first-year
> teacher who has not been evaluated pursuant to section 1012.34,
> Florida Statutes, must have scored at or above the 80th percentile on
> either the SAT or the ACT based upon the percentile ranks in effect
> when the teacher took the assessment. In order to demonstrate
> eligibility for an award, an eligible teacher must submit to the school
> district, no later than October 1, 2015, an official record of his or her
> SAT or ACT score demonstrating that the teacher scored at or above
> the 80th percentile based upon the percentile ranks in effect when the
> teacher took the assessment. By December 1, 2015, each school
> district, charter school governing board, and the Florida School for
> the Deaf and the Blind shall submit to the department the number of
> eligible teachers who qualify for the scholarship. By February 1, 2016,
> the department shall disburse scholarship funds to each school
> district for each eligible teacher to receive a scholarship. By April 1,
> 2016, each school district, charter school governing board, and the
> Florida School for the Deaf and the Blind shall provide payment of the
> scholarship to each eligible teacher. If the number of eligible teachers
> exceeds the total the department shall prorate the per teacher
> scholarship amount.

92.     Florida Senator Bill Montford, CEO of the Florida Association of District School Superintendents, stated that "There are a lot of questions about the implementation and the wisdom of Best and Brightest. I've questioned it myself.  It is very misguided."

93.     The Defendants did not and have not made any effort to validate the SAT/ACT requirement as correlating with teacher performance or effectiveness.

94.     Governor Scott signed into the law the General Appropriation Act, including its Best and Brightest Scholarship Program provisions, on July 1, 2015.

95.     In the months immediately following Governor Scott signing the Program into law, the DOE began issuing numerous directives to all of the county school districts instructing them how to interpret, apply and implement the Program and otherwise interfering with the employment opportunities of teachers across the state under the Program.  This included, but not limited to, directives instructing the districts which individuals were eligible for the "scholarship," including directing districts that only "classroom teachers," who it carefully defines, are eligible, directing that substitute teachers are not eligible, directing that the "official" record must be the "original score report from ACT or the College Board

(SAT)," directing that the national rather than state percentile must be used, that the "highly effective" evaluation must be the 2014-15 or most "recent" evaluation, directing that teachers could retake the SAT or ACT provided scores were submitted by the October 1 deadline, directing that the ACT score must be a "composite" score and the that the SAT score must be at or above the 80th percentile for both "Critical Reading and Mathematics, directing the method for determining the percentile rank, directing that teachers who are eligible but then become no longer employed after December 2, 2015 are ineligible, directing that districts much pay out the award by April 1, 2016, and providing a "template" to districts for "coordinating" the program at the local level and for submitting candidates who met the eligibility requirements stated by DOE.  In addition to these directives to the districts, the DOE regularly communicated with the districts directing them regarding the above matters.  The DOE further handled communications with the ACT and SAT regarding the Program and advised and directed the districts on such matters.  Awards to each eligible teacher were paid by the DOE to the district which passed them through to the recipients.

96.    In addition to these directives and communications to the districts, the DOE regularly communicated with class members regarding their eligibility and other questions regarding the Program.

97.    For the initial year of the Program, the 2015-16 school year, 5332 teachers were awarded the bonus.  Each received an equal amount of $8,256.27.  The amount is the total amount appropriated for the Program, i.e., $44,022,483, divided by the number of eligible recipients, i.e., 5332.

98.    Overall in the state school system in 2015, approximately 13% of teachers were black and 13% were Hispanic, whereas approximately 71% were white.

99.    Based upon data Plaintiffs have obtained from the DOE, less than 1% of the recipients of a bonus under the Program were black. Approximately 4% were Hispanic.  More than 90% of the recipients were white.

100.  Data obtained by Plaintiffs from DOE show that 8% of classroom teachers with a "highly effective" rating on October 2015 were black, 13% were Hispanic and 78% were white.

101.  The selection rates for black and Hispanic teachers rated "highly effective" as compared with the selection rate for similarly situated

35

white teachers shows the statistically significant disparate impact on black and Hispanic teachers produced by the SAT/ACT selection requirement of the Program.

102.   Based on data obtained from DOE, approximately 56% of the recipients of the bonus paid under the Program in the 2015-16 school year were teachers under 40 years of age.  By contrast, approximately 44% who received the bonus were 40 year of age or older.  Within this class, approximately 24% were between 40 and 50 years of age, 15% were between 50 and 60 years of age, and 5% were 60 years and older.

103.   Data obtained by Plaintiffs form DOE show that approximately 36% of classroom teachers with a "highly effective" rating on October 2015 were under 40 years of age and approximately 64% were 40 years of age or older.  Within the class of such teachers 40 years and older, approximately 28% were between 40 and 50 years of age, 24% were between 50 and 60 years of age, and 12% were 60 and older.

104.   The selection rate for teachers under 40 years of age as compared with the rate of selection for 40 years of age or older shows the statistically significant disparate impact on teachers 40 years of age or older produced by the SAT/ACT selection requirement of the Program.

The disparate impact becomes even more substantial as age of the class of "highly effective" teachers increases.

105.  In 2016, the Legislature enacted a stand-alone statute for the program, § 1012.731, Florida Statutes (2016), which codified the Program as enacted under the General Appropriations Act in 2015.  These same above-described statistically significant disparities based on age and black and Hispanic race have continued during the 2016-17 school year that the Program has been in effect.  The Program will continue in this form until 2020, when, in addition to the SAT and ACT, teachers, including first year teachers, will be able to submit their scores on the law school entrance exam (LSAT), the graduate school entrance exam (GRE), and the medical school entrance exam (MCAT).  § 1012.731, Fla. Stat. (2017).  It is reported that during the 2017 legislative session members of the Florida Senate were hesitant to continue the Program because of the lack of evidence correlating teacher's high school SAT/ACT scores with classroom performance.

### Class Action Allegations
### Age Discrimination

106.  Plaintiffs FEA, Cisneros, Dunson-Thomas, Ferreira, Pinkney and Robinson reallege and incorporate herein by reference the foregoing paragraphs 1 through 106.

107.   Plaintiffs FEA, Cisneros, Dunson-Thomas, Ferreira, Pinkney and Robinson bring this action on behalf of themselves and as representatives of a class pursuant to the provisions of Rule 23, Federal Rules of Civil Procedure. Plaintiffs FEA, Cisneros, Dunson-Thomas, Ferreira, Pinkney and Robinson seek class certification under subsection (b)(2) or, alternatively, (b)(3) of Rule 23.

108.   Commonality: Questions of law and fact are common to all members of the class.  Specifically, as to both the named Plaintiffs and the class, the Plaintiffs FEA, Cisneros, Dunson-Thomas, Ferreira, Pinkney and Robinson's claims arise from the same events or practice or course of conduct by the Defendants which gives rise to the claims of the putative class, and their claims are based upon the same legal theories as those of the putative class. The Defendants have engaged in system-wide and continuing pattern and practice, in violation of the Florida Civil Rights Act of 1992 and Title VII, by utilizing selection criteria, to wit, a score on the ACT or SAT in the 80th or greater percentile and by excepting first year teachers from the "highly effective" rating, that have an illegal statistically significant disparate impact based on age on the putative class as described herein. The common questions of law and fact at issue are:

a.    Whether the Defendants' use of the SAT/ACT selection
requirement for eligibility for the bonus under the Program has
a disparate impact on the putative class based on age under
the Florida Civil Rights Act and Title VII;

b.    Whether the Defendants' use of the SAT/ACT selection
requirement for eligibility for the bonus and of the exception of
first year teachers from the "highly effective" requirement under
the Program has a disparate impact because of age under the
Florida Civil Rights Act and Title VII;

c.    Whether the Defendant's SAT/ACT selection requirement is job
related for the benefit in question and consistent with business
necessity; and

d.    The amount of damages suffered by the representative
Plaintiffs and Class Members.

109.  The Defendants utilize uniform policies, practices and
procedures as regards the pattern and practice of discrimination described
herein.

110.  Typicality: Plaintiffs FEA, Cisneros, Dunson-Thomas, Ferreira,
Pinkney and Robinson's claims are typical of the claims of the class
inasmuch as they arise from the same course of conduct as the claims of

the putative class; that is, the eligibility of Plaintiffs and the class to receive a bonus under the program is disparately impacted by use and continued use of the SAT/ACT requirement.

111.   Numerosity and Class Definition: Based on records obtained from the DOE, it is estimated there are no less than 30,000 teachers in the putative classes.  Therefore, the putative classes are so numerous that separate joinder of each member is impracticable. The proposed class consists of:

> All past, present and future class room teachers 40 years of age or older who had a "highly effective" rating as of October 1, 2015, and applied for or were deterred from applying for the bonus under the Program;

112.   Adequacy of Representation: The Plaintiffs FEA, Cisneros, Dunson-Thomas, Ferreira, Pinkney and Robinson will fairly and adequately protect and represent the interests of each member of the class in that they have interests in common with the class, have no conflicts with the class, understand their responsibilities as class representatives, and have retained counsel experienced in the prosecution of complex class action litigation. The Plaintiffs FEA, Cisneros, Dunson-Thomas, Ferreira, Pinkney and Robinson are members of the class they seek to represent.

113.   The Defendants have acted on grounds generally applicable to all the members of the class, to wit: utilizing the SAT/ACT requirement for eligibility for a bonus under the Program.  These practices adversely affect in a general manner the classes, thereby making final injunctive relief and declaratory relief respecting the class as a whole appropriate. Accordingly, this action is maintainable under subsection (b)(2) of Rule 23.

114.   Alternatively, Defendants' use of the SAT/ACT requirement for eligibility for a bonus under the Program raises questions of law and fact common to the Plaintiffs FEA, Cisneros, Dunson-Thomas, Ferreira, Pinkney and Robinson and the class. These questions, stated above, predominate over questions affecting only individual members, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy. Accordingly, this action is maintainable under subsection (b)(3) of Rule 23.

## Class Action Allegations
## Race (Black) Discrimination

115.   Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson, Pinkney and Robinson reallege and incorporate herein by reference the foregoing paragraphs 1 through 106.

116.   Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson, Pinkney and Robinson bring this action on behalf of themselves and as representatives

of a class pursuant to the provisions of Rule 23, Federal Rules of Civil Procedure. Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson, Pinkney and Robinson seek class certification under subsection (b)(2) or, alternatively, (b)(3) of Rule 23.

117.  Commonality: Questions of law and fact are common to all members of the class.  Specifically, as to both the named Plaintiffs and the class, the Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson, Pinkney and Robinson's claims arise from the same events or practice or course of conduct by the Defendants which gives rise to the claims of the putative class, and their claims are based upon the same legal theories as those of the putative class. The Defendants have engaged in system-wide and continuing pattern and practice, in violation of the Florida Civil Rights Act of 1992 and Title VII, by utilizing selection criteria, to wit, a score on the ACT or SAT in the 80th or greater percentile and by excepting first year teachers from the "highly effective" rating, that have an illegal statistically significant disparate impact based on race – black - on the putative classes described herein.  The common questions of law and fact at issue are:

a.    Whether the Defendants' use of the SAT/ACT selection requirement for eligibility for the bonus under the Program has

a disparate impact on the putative class based on race – black -
under the Florida Civil Rights Act and Title VII;

b.    Whether the Defendants' use of the SAT/ACT selection
requirement for eligibility for the bonus and of the exception of
first year teachers from the "highly effective" requirement under
the Program has a disparate impact because of race – black -
under the Florida Civil Rights Act and Title VII;

c.    Whether the Defendant's SAT/ACT selection requirement is job
related for the benefit in question and consistent with business
necessity; and

d.    The amount of damages suffered by the representative
Plaintiffs and Class Members.

118.  The Defendants utilize uniform policies, practices and
procedures as regards the pattern and practice of discrimination described
herein.

119.  Typicality: Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson,
Pinkney and Robinson's claims are typical of the claims of the class
inasmuch as they arise from the same course of conduct as the claims of
the putative class; that is, the eligibility of Plaintiffs and the class to receive

a bonus under the program is disparately impacted by use and continued use of the SAT/ACT requirement.

120.   Numerosity and Class Definition: Based on records obtained from DOE it is estimate that there are no less than 4000 black teachers in the putative class.  Therefore, the putative class is so numerous that separate joinder of each member is impracticable. The proposed class consist of:

> All past, present and future black classroom teachers employed by the Defendants who had a "highly effective" rating as of October 1, 2015 and applied for or were deterred from applying for the bonus under the Program.

121.   Adequacy of Representation: the Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson, Pinkney and Robinson will fairly and adequately protect and represent the interests of each member of the class in that they have interests in common with the class, have no conflicts with the class, understand their responsibilities as class representatives, and have retained counsel experienced in the prosecution of complex class action litigation. The Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson, Pinkney and Robinson are members of the class they seek to represent.

122.   The Defendants have acted on grounds generally applicable to all the members of the class, to wit: utilizing the SAT/ACT requirement for eligibility for a bonus under the Program.  These practices adversely affect in a general manner the classes, thereby making final injunctive relief and declaratory relief respecting the class as a whole appropriate. Accordingly, this action is maintainable under subsection (b)(2) of Rule 23.

123.   Alternatively, Defendants' use of the SAT/ACT requirement for eligibility for a bonus under the Program raises questions of law and fact common to the Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson, Pinkney and Robinson and the class. These questions, stated above, predominate over questions affecting only individual members, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy. Accordingly, this action is maintainable under subsection (b)(3) of Rule 23.

## Class Action Allegations
## Race (Hispanic) Discrimination

124.   Plaintiffs FEA, Cisneros and Ferreira reallege and incorporate herein by reference the foregoing paragraphs 1 through 106.

125.   Plaintiffs FEA, Cisneros and Ferreira bring this action on behalf of themselves and as representatives of a class pursuant to the provisions of Rule 23, Federal Rules of Civil Procedure. Plaintiffs FEA, Cisneros and

Ferreira seek class certification under subsection (b)(2) or, alternatively, (b)(3) of Rule 23.

126.   Commonality: Questions of law and fact are common to all members of the class.  Specifically, as to both the named Plaintiffs and the class, the Plaintiffs FEA, Cisneros and Ferreira's claims arise from the same events or practice or course of conduct by the Defendants which gives rise to the claims of the putative class, and their claims are based upon the same legal theories as those of the putative class. The Defendants have engaged in system-wide and continuing pattern and practice, in violation of the Florida Civil Rights Act of 1992 and Title VII, by utilizing selection criteria, to wit, a score on the ACT or SAT in the 80th or greater percentile and by excepting first year teachers from the "highly effective" rating, that have an illegal statistically significant disparate impact based on race – Hispanic - on the putative class described herein.  The common questions of law and fact at issue are:

a.   Whether the Defendants' use of the SAT/ACT selection requirement for eligibility for the bonus under the Program has a disparate impact on the putative class based on race – Hispanic - under the Florida Civil Rights Act and Title VII;

b.    Whether the Defendants' use of the SAT/ACT selection requirement for eligibility for the bonus and of the exception of first year teachers from the "highly effective" requirement under the Program has a disparate impact because of race – Hispanic - under the Florida Civil Rights Act and Title VII;

c.    Whether the Defendant's SAT/ACT selection requirement is job related for the benefit in question and consistent with business necessity; and

d.    The amount of damages suffered by the representative Plaintiffs and Class Members.

127.    The Defendants utilize uniform policies, practices and procedures as regards the pattern and practice of discrimination described herein.

128.    Typicality: Plaintiffs FEA, Cisneros and Ferreira's claims are typical of the claims of the class inasmuch as they arise from the same course of conduct as the claims of the putative class; that is, the eligibility of Plaintiffs and the class to receive a bonus under the program is disparately impacted by use and continued use of the SAT/ACT requirement.

47

129.  Numerosity and Class Definition:  Based on records obtained
from the DOE it is estimated that there are no less than Hispanic 7000
teachers in the putative class.  Therefore, the putative class is so numerous
that separate joinder of each member is impracticable. The proposed class
consist of:

> All past, present and future of Hispanic classroom teachers employed
> by the Defendants who had a "highly effective" rating as of October 1,
> 2015, and applied for or were deterred from applying for the bonus
> under the Program.

130.  Adequacy of Representation: the Plaintiffs FEA, Cisneros and
Ferreira will fairly and adequately protect and represent the interests of
each member of the class in that they have interests in common with the
class, have no conflicts with the class, understand their responsibilities as
class representatives, and have retained counsel experienced in the
prosecution of complex class action litigation. The Plaintiffs FEA, Cisneros
and Ferreira are members of the class they seek to represent.

131.  The Defendants have acted on grounds generally applicable to
all the members of the class, to wit: utilizing the SAT/ACT requirement for
eligibility for a bonus under the Program.  These practices adversely affect
in a general manner the classes, thereby making final injunctive relief and

declaratory relief respecting the class as a whole appropriate. Accordingly, this action is maintainable under subsection (b)(2) of Rule 23.

132.   Alternatively, Defendants' use of the SAT/ACT requirement for eligibility for a bonus under the Program raises questions of law and fact common to the Plaintiffs FEA, Cisneros and Ferreira and the class. These questions, stated above, predominate over questions affecting only individual members, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy. Accordingly, this action is maintainable under subsection (b)(3) of Rule 23.

### COUNT I: AGE DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
#### (Plaintiffs FEA, Cisneros, Dunson-Thomas, Ferreira, Pinkney and Robinson)

133.   Plaintiffs FEA, Cisneros, Dunson-Thomas, Ferreira, Pinkney and Robinson reallege and incorporate herein by reference the foregoing paragraphs 1 through 132.

134.   The Defendants are employers and/or a single or joint employer within the meaning of the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes.  The Defendant DOE also has interfered with the access to employment opportunities of the Plaintiffs FEA, Cisneros, Dunson-Thomas, Ferreira, Pinkney and Robinson and the putative class.

135.  The Plaintiffs FEA, Cisneros, Dunson-Thomas, Ferreira, Pinkney and Robinson are employees within the meaning of the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes.

136.  The Plaintiffs FEA, Cisneros, Dunson-Thomas, Ferreira, Pinkney and Robinson applied for and were denied and did not receive a bonus under the program because they could not satisfy the SAT/ACT requirement, or would have applied for but were deterred from applying for a bonus under the Program because applying would have been a futile act because they could not satisfy the SAT/ACT requirement and were thus denied and did not receive a bonus under the Program.

137.  The Florida Civil Rights Act prohibits employment practices that adversely affect an employee because of the employee's age; that is, practices that have a disparate impact on an employee because of the employee's age.

138.  The above-described practices of the Defendants, including the use of the SAT/ACT requirement as a condition of eligibility for a bonus under the Program, violate the Plaintiffs FEA, Cisneros, Dunson-Thomas, Ferreira, Pinkney and Robinson's rights under the Florida Civil Rights Act of 1992 because they discriminate against Plaintiffs because of their age.

139.   As a direct and proximate result of the above-described practices the Plaintiffs FEA, Cisneros, Dunson-Thomas, Ferreira, Pinkney and Robinson and the putative class have suffered damages in the amount of the bonus to which they would otherwise be eligible and have received.

140.   The Plaintiffs FEA, Cisneros, Dunson-Thomas, Ferreira, Pinkney and Robinson and the putative class are entitled to recover the amount of the bonus they did not receive because of the Defendants' illegal practices

## COUNT II: RACE DISCRIMINATION (BLACK) UNDER TITLE VII (Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson, Pinkney and Robinson)

141.   Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson, Pinkney and Robinson reallege and incorporate herein by reference the foregoing paragraphs 1 through 132.

142.   The Defendants are employers and/or a single or joint employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq*. The Defendant DOE also has interfered with the access to employment opportunities of the Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson, Pinkney and Robinson and the putative class.

143.  The Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson, Pinkney and Robinson are employees within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*

144.  Title VII prohibits employment practices that adversely affect an employee because of the employee's black race; that is, practices that have a disparate impact on an employee because of the employee's black race.

145.  The above-described practices of the Defendants, including the use of the SAT/ACT requirement as a condition of eligibility for a bonus under the Program, violate the Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson, Pinkney and Robinson's rights under Title VII because they discriminate against Plaintiffs because of their black race.

146.  As a direct and proximate result of the above-described practices the Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson, Pinkney and Robinson and the putative class have suffered damages in the amount of the bonus to which they would otherwise be eligible and have received.

147.  The Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson, Pinkney and Robinson and the putative class are entitled to recover the amount of the bonus they did not receive because of the Defendants' illegal practices.

**COUNT III: RACE DISCRIMINATION (BLACK)**
**UNDER THE FLORIDA CIVIL RIGHTS ACT**
**(Plaintiffs FEA, Dunson-Thomas,**
**Gordon, Jackson, Pinkney and Robinson)**

148.   Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson, Pinkney

and Robinson reallege and incorporate herein by reference the foregoing

paragraphs 1 through 132.

149.  The Defendants are employers and/or a single or joint employer

within the meaning of the Florida Civil Rights Act of 1992, Chapter 760,

Florida Statutes. The Defendant DOE also has interfered with the access to

employment opportunities of the Plaintiffs FEA, Dunson-Thomas, Gordon,

Jackson, Pinkney and Robinson and the putative class.

150.  The Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson, Pinkney

and Robinson are employees within the meaning of the Florida Civil Rights

Act of 1992, Chapter 760, Florida Statutes.

151.  The Florida Civil Rights Act prohibits employment practices that

adversely affect an employee because of the employee's black race; that

is, practices that have a disparate impact on an employee because of the

employee's black race.

152.  The above-described practices of the Defendants, including the

use of the SAT/ACT requirement as a condition of eligibility for a bonus

under the Program, violate the Plaintiffs FEA, Dunson-Thomas, Gordon,

Jackson, Pinkney and Robinson's rights under the Florida Civil Rights Act of 1992 because they discriminate against Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson, Pinkney and Robinson because of their black race.

153.   As a direct and proximate result of the above-described practices the Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson, Pinkney and Robinson and the putative class have suffered damages in the amount of the bonus to which they would otherwise be eligible and have received.

154.   The Plaintiffs FEA, Dunson-Thomas, Gordon, Jackson, Pinkney and Robinson and the putative class are entitled to recover the amount of the bonus they did not receive because of the Defendants' illegal practices.

### COUNT IV: RACE DISCRIMINATION (HISPANIC) UNDER TITLE VII
### (Plaintiffs FEA, Cisneros and Ferreira)

155.   Plaintiffs FEA, Cisneros and Ferreira reallege and incorporate herein by reference the foregoing paragraphs 1 through 132.

156.   The Defendants are employers and/or a single or joint employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* The Defendant DOE also has interfered with the access to employment opportunities of the Plaintiffs FEA, Cisneros and Ferreira and the putative class.

157.  The Plaintiffs FEA, Cisneros and Ferreira are employees within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*

158.  Title VII prohibits employment practices that adversely affect an employee because of the employee's Hispanic race; that is, practices that have a disparate impact on an employee because of the employee's Hispanic race.

159.  The above-described practices of the Defendants, including the use of the SAT/ACT requirement as a condition of eligibility for a bonus under the Program, violate the Plaintiffs FEA, Cisneros and Ferreira's rights under Title VII because they discriminate against Plaintiffs because of their Hispanic race.

160.  As a direct and proximate result of the above described practices the Plaintiffs FEA, Cisneros and Ferreira and the putative class have suffered damages in the amount of the bonus to which they would otherwise be eligible and have received.

161.  The Plaintiffs FEA, Cisneros and Ferreira and the putative class are entitled to recover the amount of the bonus they did not receive because of the Defendants' illegal practices

## COUNT V: RACE DISCRIMINATION (HISPANIC)
## UNDER THE FLORIDA CIVIL RIGHTS ACT
### (Plaintiffs FEA, Cisneros and Ferreira)

162.  Plaintiffs FEA, Cisneros and Ferreira reallege and incorporate herein by reference the foregoing paragraphs 1 through 132.

163.  The Defendants are employers and/or a single or joint employer within the meaning of the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes. The Defendant DOE also has interfered with the access to employment opportunities of the Plaintiffs FEA, Cisneros and Ferreira and the putative class.

164.  The Plaintiffs FEA, Cisneros and Ferreira are employees within the meaning of the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes.

165.  The Florida Civil Rights Act prohibits employment practices that adversely affect an employee because of the employee's Hispanic race; that is practices that have a disparate impact on an employee because of the employee's Hispanic race.

166.  The above-described practices of the Defendants, including the use of the SAT/ACT requirement as a condition of eligibility for a bonus under the Program, violate the Plaintiffs FEA, Cisneros and Ferreira's rights

under the Florida Civil Rights Act of 1992 because they discriminate against these Plaintiffs because of their Hispanic race.

167.  As a direct and proximate result of the above described practices the Plaintiffs FEA, Cisneros and Ferreira and the putative class have suffered damages in the amount of the bonus to which they would otherwise be eligible and have received.

168.  The Plaintiffs FEA, Cisneros and Ferreira and the putative are entitled to recover the amount of the bonus they did not receive because of the Defendants' illegal practices.

WHEREFORE, all Plaintiffs demand the following relief:

a.    certification of the classes defined herein under subsection (b)(2) or, alternatively, subsection (b)(3) of Rule 23;

b.    certification of Plaintiffs' counsel as class counsel;

c.    judgment in favor of the Plaintiffs and class declaring that the Defendants' actions described herein violate the Florida Civil Rights Act and Title VII;

d.    judgment in favor of the Plaintiffs and class enjoining the Defendants from engaging in the illegal actions described herein and requiring the Defendants to put in place policies, practices and procedures to address such illegal actions;

e.      judgment in favor of the Plaintiffs awarding each of them

damages in an amount to be proved at trial, including the amount of the

bonus to which they would otherwise be eligible but for the illegal practices

complained of herein;

f.      award Plaintiffs their attorney's fees and costs as allowed by

law; and

g.      award such further relief as is equitable and just.

s/John C. Davis
JOHN C. DAVIS
Fla. Bar No. 0827770
Law Office of John C. Davis
623 Beard Street
Tallahassee, FL, 32303
(850) 222-4770
(850) 222-3119 (fax)
john@johndavislaw.net

s/Kent Spriggs
KENT SPRIGGS
Fla .Bar No. 106011
Spriggs Law Firm
2007 W Randolph Circle
Tallahassee, FL 32308
(850) 224-8700
kspriggs@spriggslawfirm.com

Attorneys for Plaintiffs