# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

FLORIDA EDUCATION ASSOCIATION
et al.,

       Plaintiffs,

v.                        CASE NO.  4:17cv414-RH/CAS

STATE OF FLORIDA, DEPARTMENT
OF EDUCATION et al.,

       Defendants.

_____/

## ORDER DISMISSING THE COMPLAINT
## IN PART AND GRANTING LEAVE TO
## FILE A *SECOND* AMENDED COMPLAINT

The Florida Education Association and seven individual classroom teachers

have sued the Florida Department of Education, the state's 67 county school

boards, and the boards of trustees of six state-entity schools. The plaintiffs assert

that the Florida Best and Brightest Teacher Scholarship Program ("the Program"),

under which classroom teachers may receive cash bonuses, has a disparate impact

on teachers based on race and age. The plaintiffs seek relief under Title VII of the

Civil Rights Act of 1964 as amended and the Florida Civil Rights Act.

An earlier order denied the Department of Education's motion to dismiss. Still pending are 31 other motions to dismiss. Nearly all the defendants other than the Department have joined one of the pending motions. Before issuance of an order addressing the 31 motions, the plaintiffs and the Department filed a joint motion for leave for the plaintiffs to file a first amended complaint and for leave for the Department to file an amended answer.

To avoid unnecessary repetition and delay, this order announces rulings on the 31 motions and grants leave to file a *second* amended complaint consistent with the rulings. The order sometimes refers to "the defendants" to mean some or all of them, without attempting to identify which defendants assert which arguments.

## I

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a motion to dismiss, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A motion to dismiss is not the vehicle by which the truth of a plaintiff's factual allegations should be judged. Instead, it remains true, after *Twombly* and *Iqbal* as before, that "federal courts and litigants must rely on summary judgment

and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993).

## II

Perhaps the defendants' major premise is that a state statute makes their participation in the Program mandatory and that their role is not sufficient to render them liable under the civil-rights statutes—that their role in the Program is not an employment practice, discriminatory or otherwise. This is wrong on both the facts and the law. Payment of a bonus is an employment practice. And at least as alleged, the school boards and state-entity schools have a substantial role in identifying the teachers who will receive bonuses under the Program.

The civil-rights laws reach an employer who has a role of this kind in the payment of discriminatory bonuses, even if another entity mandates the action and provides the funds.

## III

The complaint supports its disparate-impact allegation with statewide statistics. The county defendants say they can be held liable only on a showing of disparate impact within their own schools—that is, within their own county. This may be true. No obvious basis exists for holding a county's school board liable if the county's teachers are equally likely to receive bonuses regardless of race or

age. But fairly read, the complaint alleges disparate impact in every county. Especially in light of the statewide statistics, this is a sufficiently plausible allegation to survive the motions to dismiss.

IV

The defendants challenge the complaint's joint-employer allegations. Those allegations are thin at best. But they are also not essential to the complaint. The complaint adequately states a claim on which relief can be granted based on each defendant's alleged participation in the Program, without regard to whether any of the defendants are joint employers.

V

The defendants assert that the FEA does not have standing to represent nonmembers or to assert damages claims for members. The first assertion is correct. The second is partially correct.

First, associations "lack standing to sue on behalf of non-members." *United States v. City of Miami, Fla.*, 115 F.3d 870, 872 (11th Cir. 1997). So the FEA as an individual plaintiff—that is, other than in its capacity as a class representative, if a class is eventually certified with the FEA as a class representative—cannot pursue claims of nonmembers.

Second, an association cannot pursue a member's damages claim that requires individualized proof. *See, e.g.*, *Connecticut State Dental Ass'n v. Anthem*

*Health Plans, Inc.*, 591 F.3d 1337, 1354 (11th Cir. 2009). The FEA as an individual plaintiff has standing to assert equitable and declaratory claims for its members, *see id.*, and may have standing to assert backpay claims that do not require individualized proof. *See, e.g.*, Wright, Miller, & Cooper, *Fed. Prac. & Proc.* § 3531.95 (3d ed.) ("An action to require a government agency to make payments to organization members can succeed [if it does not] impos[e] on the court either the burden of measuring individual entitlements or the burden of ensuring proper distribution.") (collecting authorities). Whether the FEA can meet this standard for a backpay claim need not be determined at this time and probably cannot be determined absent additional information about the basis for any backpay award.

In addition, the School Boards of Sarasota and Santa Rosa Counties say the FEA is not the certified collective-bargaining representative of teachers in those counties and thus does not have standing to represent those teachers in this action. The plaintiffs have asserted no argument in response, saying only that, if necessary, teachers from those counties will be added as named plaintiffs. This may be a concession that despite the complaint's allegation that the FEA has members in every county in the state, the FEA has no members in those counties. In any event, the FEA has abandoned its assertion of associational standing to represent teachers in those counties. *See, e.g.*, *Resolution Tr. Corp. v. Dunmar*

*Corp.*, 43 F.3d 587, 599 (11th Cir. 1995); *PC Cellular, Inc. v. Sprint Sols., Inc.*, 2014 WL 5772134, at *3 (N.D. Fla. Nov. 5, 2014).

These rulings may make little difference. If a class is certified with the FEA as a class representative, the FEA will have authority, in that capacity, to assert all proper claims of class members—including class members who are not FEA members. Whether and to what extent the FEA may act as a class representative is a question for another day.

## VI

The defendants assert that the complaint does not adequately allege satisfaction of conditions precedent. But the complaint alleges that the plaintiffs "have satisfied all conditions precedent to this action." Compl., ECF No. 1, at 5. Under Federal Rule of Civil Procedure 9(c), "it suffices to allege generally that all conditions precedent have occurred or been performed," while a defendant who asserts the contrary must do so "with particularity." The complaint's allegation is sufficient. *See, e.g.*, *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982) (holding sufficient an allegation that "all conditions precedent to the institution of the lawsuit have been fulfilled").

## VII

An employment decision does not violate the Age Discrimination in Employment Act if the decision is based on a reasonable factor other than age. *See*

29 U.S.C. § 623(f)(1). The Florida Civil Rights Act does not have an analogous provision, but the defendants say it should be read the same way.

The defendants say the state statute requiring participation in the Program is a reasonable factor other than age. This order assumes that for a private employer, a facially nondiscriminatory state statute mandating a course of action is a reasonable factor other than age. But here, the defendants are political subdivisions of the state that adopted the statute. A state political subdivision cannot violate a federal employment statute with impunity based on a state statute mandating that result.

Moreover, if, as the defendants say, the Florida Civil Rights Act should be construed to have a reasonable-factor-other-than-age defense even though it does not explicitly so provide, then the result should be the same under the state provision as under the federal provision: the defense does not apply on these facts. Put differently, the defendants gain no traction by asserting that the Florida Civil Rights Act should be read in tandem with the federal ADEA and that, as a result, the defendants somehow have a state-law defense that is not available under the ADEA.

If, as the plaintiffs allege, the Program has a discriminatory disparate impact, the state statute creating the Program is not a reasonable factor other than age.

VIII

The defendants invoke the "special circumstances" exception to damages or backpay awards under federal civil-rights statutes. In *Pettway v. American Cast Iron Pipe Co.*, 494 F.2d 211 (5th Cir. 1974), the court held that the exception applies when an employer violates a federal civil-rights statute by complying with a state statute that has not been held invalid. *Id*. at 254 & n.125 (collecting cases). The court attributed this result to federalism concerns and said that "state statutes, like federal ones, are entitled to the presumption of constitutionality until their invalidity is judicially declared." *Id*. at 254 (quoting *Davies Warehouse Co. v. Bowles*, 321 U.S. 144 (1944)). In these situations, backpay is appropriate only if the employer imposed the practice on its own or had notice that the law had been held invalid. *Id*.

Applied here, the exception fits like a glove. The complaint does not state a backpay or damages claim against the school boards and state-entity boards of trustees on which relief can be granted.

IX

The state-entity boards of trustees have Eleventh Amendment immunity from the claims arising under state law. *See, e.g.*, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) (holding that the Eleventh Amendment bars any claim for injunctive relief based on state law against a state or against a

state officer). The plaintiffs apparently acknowledge this, asking only that any dismissal of these claims not be with prejudice. A dismissal of a state-law claim based on the Eleventh Amendment of course does not preclude the refiling of the state-law claim in state court.

X

The Duval County School Board ("the Board") asserts additional grounds for dismissal. It says complying with the Program is job-related and a business necessity simply because state law mandates compliance. But a county school board cannot properly violate federal law just because state law mandates it. To prevail on a job-related and business-necessity defense, the Board will have to show that the Program is job-related and a business necessity not based on the need to comply with the state statute but because the Program is sufficiently related to, and necessary to accomplish, the underlying job of educating students. These are not issues that can be resolved in the Board's favor on a motion to dismiss.

The Board says that even if the Program has a disparate impact on Duval County teachers based on race or age, the violation is not redressable through a lawsuit against the Board, because the Board cannot change the governing state statute. The assertion fails here just like it would have failed in too many prior cases to count, including, for example, *Brown v. Board of Education*, 347 U.S. 483

(1954). The Board will comply with an injunction requiring it to change its participation in the Program. Redressability requires nothing more.

The Board invokes Title VII's safe-harbor provisions, which preclude liability for, among other things, a disparate impact that results from a bona fide merit system or professionally developed ability test. *See* 42 U.S.C. § 2000e-2(h). This order assumes that the SAT and ACT—the tests that are used in determining a teacher's eligibility for a bonus—are professionally developed ability tests. But the complaint alleges that the tests bear no relationship to an individual's ability and performance *as a teacher*. An employer cannot determine pay or other benefits based on a test that is unrelated to a job and has a discriminatory impact. The safe-harbor provision is not to the contrary; it applies to merit systems and tests that are job-related, not to those that are not. *See Walls v. Mississippi State Dep't of Pub. Welfare*, 730 F.2d 306, 320 (5th Cir. 1984) (merit systems); *Griggs v. Duke Power Co.*, 401 U.S. 424, 434 n.9 (1971) (tests).

The parties' disagreement over whether the SAT and ACT provide meaningful information about a teacher's merit cannot properly be resolved on a motion to dismiss.

## XI

For the reasons set out above, this order dismisses the complaint in part. The order grants leave to amend. The plaintiffs already have moved for leave to file

their first amended complaint, but the first amended complaint has the same

deficiencies as the original. To avoid confusion from the titles, this order grants

leave to file a *second* amended complaint.

The second amended complaint should omit the claims that this order says

are subject to dismissal. The plaintiffs need not include those claims in the second

amended complaint to preserve for appeal the argument that this order got it

wrong. Similarly, in responding to the second amended complaint, the defendants

need not—and should not—renew a motion setting out arguments that this order

has rejected.

For these reasons,

IT IS ORDERED:

1. These motions to dismiss are granted in part and denied in part: ECF Nos.

49, 58–72, 74, 76–79, 81, 83–89, 93, 95, and 105.

2. The joint motion of the plaintiffs and the Department for leave to amend,

ECF No. 138, is granted in part and denied in part. Leave to file the first amended

complaint is denied. Leave to file a second amended complaint is granted. The

plaintiffs must file the second amended complaint by June 29, 2018.

SO ORDERED on June 8, 2018.

s/Robert L. Hinkle_____
United States District Judge