UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA EDUCATION ASSOCIATION,
ET AL.,**

    **Plaintiffs,**

v.                                                  **Case No: 4-17-cv-414-RH/CAS
Class Representation**

**STATE OF FLORIDA, DEPARTMENT
OF EDUCATION, ET AL.,**

    **Defendants.**
_____/

## JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

Pursuant to Rules 23(e), (g) and (h), Federal Rules of Civil Procedure, the Plaintiffs and the Florida Department of Education (the "Department") move the Court, in accordance with its Order of November 4, 2019 (ECF # 401), to enter an order that, among other things:

    (1)    certifies settlement classes;

    (2)    finally approves the settlement of the claims of the Plaintiffs and the proposed classes as fair, adequate and reasonable;

    (3)    denies all objections to the settlement;

    (4)    allows the timely filed exclusion requests of class members;

    (5)    appoints the Plaintiffs as Settlement Class Representatives and

Plaintiffs' counsel as Settlement Class Counsel;

(6) finally approves service payments to the individual class representatives, as requested by Plaintiffs (to which the Department does not object);

(7) finally approves the attorneys' fees and costs request of Plaintiffs' Counsel (as requested by Plaintiffs, to which the Department does not object); and

(8) enters final judgment and dismisses the case with prejudice.

In support of this motion the Plaintiffs and the Department submit their respective memoranda of law, filed herewith.

The history and factual background of the case are set forth in the Parties' Joint Motion to Lift Stay, Preliminarily Certify Settlement Classes, Preliminarily Approve Class Settlement, and Approve Notice and Establish Schedule and their respective supporting memoranda. ECF #397, 399 and 400.

The Court entered its order preliminarily approving the settlement on November 4, 2019. ECF # 401. In that order, the Court lifted the stay on the case, preliminarily certified two settlement classes, preliminarily approved the parties' Settlement Agreement as fair, adequate and reasonable, approved Rust Consulting, Inc. as the Claims Administrator, approved the notice process and claims procedure proposed by the parties as fair and adequate, and set a schedule for the filing of claims, objections and request for exclusions by class members and the Plaintiffs' Counsel's brief in support of attorneys' fees and costs. The final fairness hearing is

scheduled for March 12, 2020.

As fully set forth in the parties' respective memoranda and related filings in support of this motion, including the Declaration of the Claims Administrator, the parties and the Claims Administrator have complied with and satisfied all the requirements of the Order of Preliminary Approval regarding notice and claims administration. The Notice fully informed class members of the principal terms of the settlement, including their rights and options under the settlement, how to file claims, object and opt-out, and where they could find additional information about the settlement and the case.

The Notice and Claim Form were mailed by first-class mail to more than 31,000 class members of which nearly 31,000 also received an email notifying them of the settlement and directing them to Claims Administrator's website, which contained the Notice, a list of frequently asked questions, and representative pleadings from the case. In response to the Notice, approximately 16,000 class members submitted claims. Only three (3) class members have objected to the settlement. Only 11 class members have opted-out by filing requests for exclusion.

In accordance with the Order of Preliminary Approval, Notice and Settlement Agreement, the Class Administrator, working with Class Counsel, determined disputes by those class members who disputed their number of years of eligibility by providing to the Class Administrator documentation, if any, satisfying the

eligibility criteria of a "highly effective" rating by their school district. The Class Administrator sent each such class member a notice of the determination of the dispute based upon the evidence provided by the Class Member. The Class Administrator also determined requests by a small number of individuals who did not receive the Notice and Claim form but believed they were eligible. After being contacted by those individuals, the Class Administrator, based on information provided by the Department, notified each individual of the reason that they did not satisfy the criteria for eligibility, including their not being a classroom teacher, not being rated "highly effective," and/or not being identified as black or Hispanic, and afforded each the opportunity to provide documentation evidencing their eligibility. The Class Administrator sent to each such individual a notice of its determination based on the evidence provided by the individual.

These facts demonstrate that the notice provided to class members and claims procedure constituted the best notice practicable and were fully consistent with due process.

As more fully set forth in the parties' memoranda and related filings, the settlement is fair, adequate and reasonable and should be finally approved. The settlement provides class members with significant and meaningful monetary relief, particularly considering the risks of continued litigation. The settlement also was contingent upon the Legislative repeal of the test score requirement of the Best and

Brightest Program, which Plaintiffs contend resulted in significant non-monetary relief to class members.

There is no evidence of collusion. Settlement was reached after extensive and hard-fought litigation, including discovery proceedings, expert submissions, summary judgment proceedings and appeals. The extremely limited opposition to the settlement reflected in the low number of objections and opt-outs underscores the reasonableness of the settlement. Plaintiffs believe that the service payments to the individual class representatives are fair and reasonable given the substantial services they have provided to the class and should be approved. The Department does not object. As reflected in Plaintiffs' Counsel's brief in support of Attorneys' Fees and Cost and Expenses, Plaintiffs believe their Counsel's attorneys' fees and costs as requested in the settlement agreement are fair and reasonable and should be approved. The Department does not object.

The objections that have been filed are conclusory, not supported by evidence, and fail to account for considerations pertinent to the settlement. They should be denied.

WHEREFORE, based upon the foregoing and the memoranda of the Plaintiffs and Department in support of this motion, the parties request that the Court enter an order:

    (a)    finding that the notice and claims procedure constituted the best notice

practicable and were fully consistent with due process;

    (b)    finding and finally approving as fair, adequate and reasonable the settlement set forth in the parties' Settlement Agreement;

    (c)    certifying the following settlement classes under Fed.R.Civ.P. 23(b)(2) and (b)(3):

        (1)    All Black classroom teachers employed by a School District or Florida charter school who had a "highly effective" rating pursuant to Fla. Stat. § 1012.34 as of the relevant application deadlines for each year the Program has been in effect (October 1, 2015, November 1, 2016, December 1, 2017, and January 7, 2019) (the "Program Years") and did not receive a scholarship payment under the Program in years 1 or 2; or did not receive a $6,000 scholarship payment in years 3 or 4;

        (2)    All Hispanic classroom teachers employed by a School District or Florida charter school who had a "highly effective" rating pursuant to Fla. Stat. § 1012.34 as of the relevant application deadlines for each year the Program has been in effect (October 1, 2015, November 1, 2016, December 1, 2017, and January 7, 2019) (the "Program Years") and did not receive a scholarship payment under the Program in years 1 or 2; or did not receive a $6,000 scholarship payment in years 3 or 4.

    (d)    confirming the appointment of the named Plaintiffs, the Florida Education Association, Jenny Cisneros, Dorothy Dunson-Thomas, Angela Ferreira, Shannel Gordon, Joy Jackson, Keysha Pinkney and Djuna Robinson, as settlement class representatives;

    (e)    confirming the appointment of John C. Davis and Kent Spriggs as Settlement Class Counsel;

(f) approving service awards to individual Settlement Class Representatives Jenny Cisneros, Dorothy Dunson-Thomas, Angela Ferreira, Shannel Gordon, Joy Jackson, Keysha Pinkney and Djuna Robinson in the amount of $10,000 per Settlement Class Representative;

(g) awarding Class Counsel attorneys' fees and costs, including class settlement administration costs, in the amount of 15% of the Settlement Fund less payment of service awards to the above Settlement Class Representatives;

(h) directing Settlement Class Counsel, Plaintiffs, and the Department to implement and consummate the Settlement Agreement according to its terms and conditions;

(i) denying all objections to the Settlement or any component thereof or to the award of attorneys' fees;

(j) ordering that Sabrina Nunez, Lizette Safille-Lemange, Carlos R. Munoz, Karla Vanessa Snell, Amber Griggs, Maritza Hernandez, Gladys Milena Gomez, Jocelyn McDaniel, Olga M. Maness, Annette Love, and Ginger Baker Sanhueza are excluded from the settlement;

(k) retaining continuing jurisdiction over Plaintiffs, the Settlement Class, and the Department to implement, administer, consummate and enforce the Settlement Agreement and this Order of Final Approval of Settlement; and

(l) entering Final Judgment dismissing this action with prejudice.

## Compliance with Local Rule 7.1

Pursuant to Local Rule 7.1(D), no attorney conference is required for this motion.

| | |
|---|---|
| LAW OFFICE OF JOHN C. DAVIS | CARLTON FIELDS, P.A. |
| /s/ John C. Davis | /s/ Chris S. Coutroulis |
| John C. Davis | Chris S. Coutroulis |
| Fla. Bar No. 0827770 | Florida Bar No. 300705 |
| 623 Beard Street | D. Matthew Allen |
| Tallahassee, FL 32303 | Florida Bar No. 866326 |
| 850.222.4770 | P. O. Box 3239 |
| 850.222.3119 (Facsimile) | Tampa, Florida 33601 |
| john@johndavislaw.net | Telephone: (813) 223-7000 |
| | Facsimile: (813) 229-4133 |
| SPRIGGS LAW FIRM | ccoutroulis@carltonfields.com |
| | mallen@carltonfields.com |
| /s/ Kent Spriggs | /s/ Robert W. Pass |
| Kent Spriggs | Robert W. Pass |
| Spriggs Law Firm | Florida Bar No. 183169 |
| 2007 W. Randolph Circle | P. O. Drawer 190 |
| Tallahassee, FL 32308 | Tallahassee, Florida 32302 |
| 850.224.8700 | Telephone: (850) 224-1585 |
| kspriggs@spriggslawfirm.com | Facsimile: (850) 222-0398 |
| | rpass@carltonfields.com |
| Attorneys for Plaintiffs, Florida Education Association, et al. | |
| | Matthew H. Mears |
| | Florida Bar No. 885231 |
| | General Counsel |
| | FLORIDA DEPT. OF EDUCATION |
| | 325 West Gaines Street, Suite 1244 |
| | Tallahassee, Florida 32399 |
| | Telephone: (850) 245-0442 |
| | Facsimile: (850) 245-9379 |
| | matthew.mears@fldoe.org |
| | Attorneys for State of Florida, Department of Education |

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed on February 27, 2020, via the Court's CM/ECF system, which will send an electronic notice to all counsel of record.

s/John C. Davis
JOHN C. DAVIS
